## FOSTER v. FOSTER.

An allowance, made by the judge of probate to a widow for her "present support," under sec. 1, chap. 165, Rev. Stat., is not a gift to the widow, nor intended to remedy any apparent injustice to which she may be exposed by the statute of distributions, or the will of her husband, but to enable her to support herself until her interest in the estate can be set out to her.

Where the inventory of the estate of an intestate consisted of real estate to the amount of $800, and personal to the amount $1,250, and the debts against the estate amounted to $575, and there were no lineal descendants, and the judge of probate made an allowance to the widow of $600 — *Held*, that the decree should be reversed, and an allowance be made of $200.

APPEAL from the decree of the judge of probate. Joseph

A. Foster died in July, 1856, intestate, leaving a widow, Hannah P. Foster, but leaving no children. He was a farmer, and his wife, to whom he was married in 1855, was the daughter of a farmer, and, prior to her marriage, in the habit of working out at service; but she was not a woman of very firm health. Since her husband's death she has been again married.

The property which the deceased left came chiefly from his father. The inventory of his estate was as follows:

| | |
|---|---|
| Real estate, | $800.00 |
| Personal property, | 1253.08 |
| | $2053.08 |

The amount of claims against the estate, as allowed by the commissioner, was $576.90. The judge of probate made a decree, allowing to the widow, "for her present support," out of the personal estate of the deceased, the sum of $600. From this decree Moses Fellows, an heir of the deceased, appealed.

*Quincy*, for the appellant.

*Smith*, and *C. R. Morrison*, for the appellee.

EASTMAN, J. The principle upon which an allowance is made to a widow, under the provisions of sec. 1, chap. 165, of the Revised Statutes, must be regarded as settled in this State. The allowance is for her present support only. It is not a gift, nor intended as a compensation for any apparent injustice to which she may be exposed by the statute of distributions, or the will of her husband. It is to enable her to support herself until her interest in the estate can be set out to her. *Hubbard* v. *Wood*, 15 N. H. 74; *Mathes* v. *Bennett*, 21 N. H. (1 Foster) 188; *Kingman* v. *Kingman*, 31 N. H. (11 Foster) 182; *Adams* v. *Adams*, 10 Met. 170.

By sec. 9, chap. 165, of the Revised Statutes, it is provided, that "If the deceased is intestate, and leaves no such lineal descendant, the widow shall be entitled to one half of all the

Foster *v.* Foster.

estate remaining after the payment of the debts and expenses of administration, in addition to her dower."

Under this section the widow in the present case would be entitled to her dower in the real estate, and to one half of the real estate absolutely. She might, perhaps, be also entitled to a homestead, though we have no facts before us in regard to that, and it has not been taken into consideration in the decision of the case. She is also entitled to one half of the personal property, after the payment of the debts and expenses of administration. The personal property is more than double the amount of the debts. The debts can all be paid out of this property, and there is no necessity of selling real estate to meet the debts, and of delay on that account; and there would seem to be no reason why the estate should not be settled speedily, and the widow have her rights set out to her at once. Under the circumstances of the case we think that two hundred dollars would be quite as much as should be allowed. The decree of the judge of probate must, therefore, be reversed, with costs to the appellant; and instead thereof an allowance of two hundred dollars be made to the widow.